**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **LISA MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:04cv610-T** |
| | ) | **(WO)** |
| **CUMULUS BROADCASTING, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

**It is ORDERED that defendant Cumulus Broadcasting, Inc.'s motions to strike (doc. nos. 41 & 42) are denied under the conditions set forth below.**

**Federal Rule of Civil Procedure 12(f), which delineates the general use of a motion to strike, provides that, "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) The terms of the rule make clear that "[o]nly material included in a 'pleading' may be subject of a motion**

to strike. ... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999). Therefore, as an initial matter, the motions to strike must be denied as to all non-pleadings, and, in this case, that would be all documents at issue. See Lowery v. Hoffman, 188 F.R.D. 651 (M.D. Ala. 1999); Fed. R. Civ. P. 7(a) (a "pleading" is "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.").

Nevertheless, in resolving the pending summary-judgment motion, the court will implicitly consider the motions to strike as, instead, notices of objections to the testimony described. Norman v. Southern Guar. Ins. Co., 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002); Anderson v. Radisson Hotel Corp., 834 F.Supp. 1364, 1368 n. 1 (S.D. Ga. 1993). The

court is capable of sifting evidence, as required by the summary-judgment standard, without resort to an exclusionary process, and the court will not allow the summary-judgment stage to degenerate into a battle of motions to strike.

DONE, this the 20th day of April, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE